UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TRAVIS DICKERSON,

    Plaintiff,

  v.                                                  Case No. 18-CV-1944

BRANDON MORRIS,
AVERY MYLES,
TAMARA CROUTHER-TOLE,
LARTIA SKINNER,
DEMETRIUS REYNOLDS,
WHYKETHA PETTIS,
MARTIN FLEMMING,
JESUS HERNANDEZ,
BREIONA WOODSON, and
CRAIG TAYLOR,

    Defendants.

## DECISION AND ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

      Travis Dickerson, an inmate at the Milwaukee Secure Detention Facility who is representing himself, brings this lawsuit under 42 U.S.C. § 1983. (Docket # 1.) He alleges that defendants subjected him to unconstitutional conditions of confinement in violation of the Eighth Amendment. (*Id.*) Before me is the defendants' motion for summary judgment. (Docket # 36.) They argue that Dickerson did not exhaust his administrative remedies before initiating this lawsuit. (*Id.*) For the reasons below, I will grant the defendants' motion.

# FACTS[1]

At all times relevant to this lawsuit, Travis Dickerson was housed at Milwaukee Secure Detention Facility (MSDF). (Def.'s Proposed Finding of Fact ("DPFOF") ¶ 1, Docket # 44; Declaration of Emily Davidson ("Davidson Decl.") ¶ 12, Docket # 39.) On December 11, 2018, Dickerson filed Inmate Complaint MSDF-2018-26161 complaining that on November 25, 2018, inmates locked themselves in the gym and "white shirts" sprayed pepper spray, causing Dickerson to cough and choke. (DPFOF ¶ 2; Davidson Decl. ¶ 15; Ex. 1001 at 1; 7.) On January 24, 2019, the institution complaint examiner (ICE) recommended Dickerson's complaint be dismissed on the grounds that after the pepper spray was deployed, staff plugged in the High-Efficiency Particulate Air Filter (HEPA) and the Health Services Unit responded to the unit. (DPFOF ¶ 3; Davidson Decl. ¶ 16; Ex. 1001 at 2.) Further, the ICE determined that Dickerson did not provide any information or documentation that reflected that staff did not respond appropriately. (*Id.*) On February 8, 2019, Reviewing Authority Paul Kemper dismissed Dickerson's complaint. (DPFOF ¶ 4; Davidson Decl. ¶ 16; Ex. 1001 at 4.) Dickerson did not appeal MSDF-2018-26161. (DPFOF ¶ 5; Davidson Decl. ¶ 18.)

## LEGAL STANDARD

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "Material facts" are those under the

---

[1] All uncontroverted statements of material fact are admitted for the purpose of deciding summary judgment. Civ. L.R. 56(b)(4) (E.D. Wis.). Although the defendants' motion for summary judgment advised Dickerson of Civ. L.R. 56 (Docket # 36), Dickerson did not respond to the defendants' Proposed Findings of Fact or submit his own Proposed Findings of Fact.

applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. The mere existence of some factual dispute does not defeat a summary judgment motion. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In evaluating a motion for summary judgment, the court must draw all inferences in a light most favorable to the nonmovant. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. *Celotex Corp.*, 477 U.S. at 324. Evidence relied upon must be of a type that would be admissible at trial. *See Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009). To survive summary judgment, a party cannot rely on his pleadings and "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. "In short, 'summary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-moving party.'" *Durkin v. Equifax Check Services, Inc.*, 406 F.3d 410, 414 (7th Cir. 2005) (citing *Turner v. J.V.D.B. & Assoc., Inc.*, 330 F.3d 991, 994 (7th Cir. 2003)).

## ANALYSIS

1. *Administrative Exhaustion Requirement*

    1.1   Prison Litigation Reform Act

Because Dickerson was incarcerated when he filed his federal complaint, the Prison Litigation Reform Act (PLRA) applies to this case. The PLRA provides that an inmate cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Woodford v. Ngo*, 548 U.S. 81, 93

3

(2006) (holding that the PLRA requires proper exhaustion of administrative remedies). Exhaustion requires that an inmate comply with the rules applicable to the grievance process at the inmate's institution. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The objective of § 1997e(a) is to permit the institution's "administrative process to run its course before litigation begins." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (quoting *Cannon v. Washington*, 418 F.3d 714, 719 (7th Cir. 2005)); *see also Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006).

The Seventh Circuit applies a "strict compliance approach to exhaustion" and expects inmates to adhere to "the specific procedures and deadlines" established by the institution's policy. *Dole*, 438 F.3d at 809; *see also Hernandez v. Dart*, 814 F.3d 836, 842 (7th Cir. 2016); *Pyles v. Nwaobasi*, 829 F.3d 860, 864 (7th Cir. 2016). But "[r]emedies that are genuinely unavailable or nonexistent need not be exhausted." *Pyles*, 829 F.3d at 864. Because exhaustion is an affirmative defense, the defendants bear the burden of proving that Dickerson failed to exhaust. *Pavey v. Conley*, 544 F.3d 739, 740-41 (7th Cir. 2008) (citing *Jones v. Bock*, 549 U.S. 199, 216 (2007)).

1.2     Inmate Complaint Review System

The Wisconsin Department of Corrections requires an inmate with a complaint about prison conditions or the actions of prison officials to exhaust all administrative remedies using the Inmate Complaint Review System (ICRS) before commencing a civil action. Wis. Admin. Code §§ DOC 310.01(2)(a), 310.05. The ICRS is available for inmates
4

to "raise issues regarding policies, living conditions, or employee actions that personally affect the inmate or institution environment." Wis. Admin. Code § DOC 310.06(1).

In order to use the ICRS, an inmate must file a complaint with the institution complaint examiner (ICE) within fourteen days after the occurrence giving rise to the complaint. Wis. Admin. Code § DOC 310.07(2). Complaints submitted later than fourteen days after the event may be accepted for good cause. *Id.* After reviewing each complaint and acknowledging it in writing, the ICE either rejects the complaint or sends a recommendation to the "appropriate reviewing authority," who may recommend that the complaint be affirmed or dismissed in whole or in part. Wis. Admin. Code §§ DOC 310.10(9), 310.10(12). Within fourteen days after the date of the decision, an inmate may appeal the reviewing authority decision to the corrections complaint examiner (CCE). Wis. Admin. Code § DOC 310.09(1). Upon good cause as determined by the CCE, an appeal filed later than fourteen days after the date of the reviewing authority decision may be accepted. Wis. Admin. Code § DOC 310.12(6). The CCE reviews the appeal and makes a recommendation to the secretary of the Department of Corrections. Wis. Admin. Code § DOC 310.12(9). The secretary affirms or dismisses the CCE's recommendation or returns the appeal to the CCE for further investigation. Wis. Admin. Code § DOC 310.13(2).

2. *Dickerson's Failure to Exhaust*

The defendants contend that Dickerson failed to exhaust his administrative remedies because he did not submit an appeal of his dismissed complaint (MSDF-2018-26161) to the appropriate reviewing authority. (Docket # 45.) Dickerson responds that he was unable to appeal due to the lack of access to the appeal form. (Docket # 41.) Dickerson filed an

5

unsigned, supplemental response in which he reiterates that CCE forms were not available on his unit. (Docket # 47 at 2.)

While the defendants argue that this case is subject to dismissal because Dickerson did not file an appeal of his dismissed inmate complaint, even if Dickerson had completed the exhaustion process by filing an appeal, he would not have done so before he filed this case. Dickerson filed the complaint in this case on December 10, 2018. (Docket # 1.) He filed his Inmate Complaint MSDF-2018-26161 on December 11, 2018, and the Reviewing Authority dismissed the inmate complaint on February 8, 2019. Dickerson filed his inmate complaint one day after he filed the complaint in this case and, therefore, could not have completed the exhaustion process before filing this action. Thus, this case is subject to dismissal on exhaustion grounds. *See Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (A suit must be dismissed if it was filed before exhaustion was complete, even if exhaustion is achieved before judgment is entered.); *see also* 42 U.S.C. § 1997e(a).

I will therefore grant the defendants' motion for summary judgment on exhaustion grounds and dismiss this case without prejudice. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004). I will also deny as moot Dickerson's motion to appoint counsel, which he filed after the summary judgment motion was fully briefed.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the defendants' motion for summary judgment for failure to exhaust administrative remedies (Docket # 36) is **GRANTED**.

**IT IS FURTHER ORDERED** that Dickerson's motion to appoint counsel (Docket # 48) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE**.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty (30) days of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. See Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 10th day of August, 2020.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge